# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. 6:24-CR-267-ADA** |
| § | |
| **DSYMONE SUITERS** § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was convicted of False Statements in violation of Title 18 U.S.C. § 1001. The Court sentenced the defendant to time served, followed by two (2) years of supervised release; a $100.00 special assessment; and special conditions ordered. Defendant was released to supervision on December 20, 2023. On January 31, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's

1

supervision should not be revoked. The amended petition alleges the defendant violated the terms of his supervision in the following instances:

**Violation Number 1**: The defendant violated her special condition, in that on or about January 27, 2025, the defendant failed to participate in mental health treatment.

**Violation Number 2:** The defendant violated mandatory condition number 1, in that on or about October 1, 2024, the defendant unlawfully appropriated property with intent to deprive the owner of property without the owner's effective consent, in violation of T.P.C. § 31.03, a misdemeanor.

**Violation Number 3:** The defendant violated mandatory condition number 1, in that on or about October 1, 2024, the defendant intentionally gave a false or fictitious name, residence address, or date of birth to a peace officer who had lawfully detained her person, in violation of T.P.C. § 38.02, a misdemeanor.

**Violation Number 4**: The defendant violated mandatory condition number 3, in that on or about October 8 and November 16, 2024, she used or possessed marijuana, in that on October 8 and November 26, 2024, she submitted a urine specimen which tested positive for marijuana.

**Violation Number 5**: The defendant violated standard condition number 3, in that on or about March 18, 2024, she traveled outside of the district without permission.

**Violation Number 6**: The defendant violated standard condition number 5, in that on or about March 18, 2024, and during the entire months of December 2024 and January 2025, she failed to live at a place approved by the probation officer.

**Violation Number 7**: The defendant violated standard condition number 7, in that on or about January 31, 2025, she failed to work full time at a lawful type of employment.

**Violation Number 8**: The defendant violated standard condition number 9, in that on or about March 18 and November 12, 2024, and January 30, 2025, she failed to notify the probation officer of law enforcement contact.

At the hearing, the defendant pleaded true to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

1) The defendant violated the conditions of her supervision as alleged in the petition.

2) The defendant was competent to make the decision to enter a plea to the allegations.

3)  The defendant had both a factual and rational understanding of the proceedings against her.

4)  The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5)  The defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6)  The defendant was sane and mentally competent to stand trial for these proceedings.

7)  The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8)  The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9)  The defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10) The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11) The defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12) The defendant understood her statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be continued. The defendant shall be referred to in- or out-patient mental health and drug treatment as directed by the probation officer.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of March 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE