**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:24-CR-00267-ADA** |
| | § | |
| | § | |
| **DSYMONE SUITERS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The defendant was convicted of False Statements in violation of 18 U.S.C. § 1001. The defendant was sentenced to time served followed by a two (2) year term of supervised release, a $100.00 special assessment fee, a $500.00 fine and special conditions. The defendant was released to supervision on December 20, 2023.

On January 8, 2026, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of her supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of her supervision in the

following instance:

> **Violation Number 1:** The defendant violated her special condition, in that on or about October 27 and 28, 2025, the defendant failed to participate in mental health treatment.

> **Violation Number 2:** The defendant violated mandatory condition number 1, in that on or about January 1, 2026, the defendant unlawfully appropriated property with intent to deprive the owner of property without the owner's effective consent, in violation of T.P.C. § 31.03, a State Jail
> Felony.

> **Violation Number 3:** The defendant violated mandatory condition number 3, in that on or
> about August 27, 2025, she used marijuana, ecstasy, and cocaine.

> **Violation Number 4**: The defendant violated mandatory condition number 3, in that on or about November 6, 2025, she used marijuana, ecstasy, Hydrocodone, and cocaine.

> **Violation Number 5**: The defendant violated standard condition number 2, in that on or about the entire month of October 2025, she failed to report to the probation officer as instructed.

> **Violation Number 6**: The defendant violated standard condition number 9, in that on or about both May 9, 2025, and January 1, 2026, she failed to notify the probation officer of law enforcement contact.

On March 17, 2026, the Court held a hearing on the petition. At that hearing, the government abandoned violation number 2. The defendant pled TRUE as to violation numbers 1, 3, 4, 5, and 6. The petition contained a sufficient factual basis to support a plea of TRUE as to violation numbers 1, 3, 4, 5, and 6.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1.    The defendant violated the conditions of her supervision as alleged in the petition.

2.  The defendant was competent to make the decision to enter a plea of TRUE as to violation numbers 1, 3, 4, 5, and 6.

3.  The defendant had both a factual and rational understanding of the proceedings against her.

4.  The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5.  The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6.  The defendant was sane and mentally competent to stand trial for these proceedings.

7.  The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8.  The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9.  The defendant understood the petition and the charges alleged against her.

10. The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered her plea of TRUE as to violation numbers 1, 3, 4, 5, and 6.

14.    The defendant understood her statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation numbers 1, 3, 4, 5, and 6.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that she be sentenced to eight (8) months imprisonment, with no term of supervised release to follow.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 31st day of March, 2026.


DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE